RECEIVED CASHIER
CLERK'S OFFICE USDC PR

2024 OCT 3 PM 1:22

RECEIPT # 114240
AMOUNT: $405.00
OCT -3 2024
CASHIER'S SIGNATURE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

Case Number: 24-1466 (RAM)

Petitioner:

**MARIA LYDIA NIEVES,** (Eng Legis)

Authorized Agent and Trustee of MARIA LYDIA NIEVES (MARIA FLORES)

Surveyed:

**SAM.gov, the Office of Foreign Assets Control (OFAC), the Department of the Treasury, the Department of Health and Human Services (HHS), Americas Leading Finance, LLC,** and any other relevant agency or person involved in the misclassification of the corporation.

Date: 10/03/2024

**Subject**:

Petition for Unconditional Order for Immediate Removal from Foreign Asset Classification, Application of Complete Immunity, and Restoration of Proper Status of the Entity

## AUTHORITY AND STANDING OF THE PETITIONER

1. **Fiduciary Authority Statement and Legal Name Separation**
2. The petitioner, MARIA LYDIA NIEVES (Eng Legis), in her capacity as authorized agent and trustee of the MARIA LYDIA NIEVES (MARIA FLORES) corporation, asserts a clear separation between the petitioner's living status and the legal name, which has been

illegally classified as a foreign asset. This separation establishes the petitioner as the legitimate holder and bearer of the instrument, by virtue of UCC 3-301 and 3-207.

3. **Establishment of the status of owner and right to repurchase**

As the holder of the instrument under UCC 3-301, the Petitioner retains the exclusive right to enforce, negotiate, reacquire, or discharge the instrument. The Petitioner's authority to cancel any unlawful endorsement or classification made against the instrument is vested under UCC 3-207, retroactively restoring the proper status of the corporation.

4. **Affirmation of full immunity and protection**

The legal entity, MARIA LYDIA NIEVES (MARIA FLORES), shall have total and unconditional immunity from any other form of supervision, restriction, classification, or administrative charge by any agency or entity. Any attempt to impose further classifications, endorsements, or restrictions will be considered a violation of this mandate and will result in immediate sanctions against the offending party, as it constitutes a violation of the entity's immunity and the trustee's rights. This immunity shall be asserted without prejudice to the Petitioner's role as trustee and rightful holder of the instrument.

5. **Debtor's Location and Jurisdiction**

The incorrect classification of MARIA LYDIA NIEVES (MARIA FLORES) as a foreign asset contradicts UCC 9-307, as the proper location of the debtor is within the jurisdiction of Puerto Rico, a territory of the United States. The petitioner's domicile establishes jurisdiction, making any classification under a foreign jurisdiction a direct violation of UCC rules and federal statutes.

## CHRONOLOGY OF EVENTS LEADING TO THE MISCLASSIFICATION

**May 20, 2007 — Initial entry into SAM.gov system:**

The legal entity MARIA LYDIA NIEVES (Eng Legis) was first entered into the SAM.gov system on May 20, 2007, during the petitioner's enlistment process in the U.S. Army. This entry occurred months before the Petitioner's official start of active duty on October 26, 2007. The registration was made without the Petitioner's knowledge, consent, or authority, which constitutes an illegal and unauthorized endorsement.

**October 26, 2007—Petitioner's active duty begins:**

The petitioner officially began active duty with the U.S. Army on October 26, 2007. During this period, the legal entity was already classified in the SAM.gov system, subjecting the petitioner to unauthorized monitoring and classification by various federal agencies without justification or legal basis.

**July 24, 2012 — Honorable Discharge from the U.S. Army:**

The petitioner was honorably discharged from active duty on July 24, 2012, with the rank of E5 (Sergeant). Despite the honorable service and the absence of any legal cause or outstanding obligations, within three days of discharge, the legal entity was updated in the SAM.gov system as a foreign asset on a reciprocal basis, which triggered unfair sanctions and follow-ups.

**July 27, 2012 — Unlawful Designation and Misclassification as a Foreign Asset:**
On July 27, 2012, the legal entity *MARIA LYDIA NIEVES (Eng Legis)* was illegally designated as a foreign asset by the Department of Health and Human Services, under the reciprocal exclusion program. This misclassification, based on information obtained from entities with

direct access to the federal and state business systems, constituted a deliberate act to unlawfully endorse and alter the entity's status. This misclassification fundamentally undermined the corporation's position as a secured asset under private trust management and an instrument held by creditors, misrepresenting its nature and purpose in commerce. It also constituted a breach of fiduciary duty and unfairly positioned the corporation for potential unauthorized exploitation and business activity under the guise of trading in foreign assets.

**Continuous Exclusion Status and Monitoring:**

Since July 27, 2012, the entity has remained under indefinite exclusion and arbitrary monitoring, despite being domiciled within the U.S. territory of Puerto Rico. The classification has obstructed the petitioner's fiduciary duties, impeded the proper administration of the entity's affairs, and has been used as a means of coercive control and unjust enrichment by federal agencies.

**Current Correction and Unconditional Deletion Action:**

This petition seeks to rectify the illegal classification and restore the corporation's status to reflect its legitimate national position. The chronology of events demonstrates a clear and deliberate pattern of fraudulent misrepresentation, breach of fiduciary duty, and infringement of the petitioner's rights as the holder and bearer of the instrument.

# INTERFERENCE AND VIOLATION OF TRADE BY AMERICAS LEADING FINANCE LLC

**Refusal of Valid Payment and Interference with Fiduciary Duties:** Americas Leading Finance LLC refused to accept a valid form of payment presented by the Petitioner in the form of a check with a restrictive endorsement. This refusal constitutes wrongful dishonor under UCC 3-502 and directly interferes with the Petitioner's fiduciary responsibilities to settle obligations on behalf of the corporation. By rejecting the endorsed instrument, Americas Leading Finance LLC engaged in fraudulent behavior intended to obstruct the settlement of the car loan, even though the Petitioner met all legal requirements to settle the debt.

The petitioner presented the check, endorsed as "Restrictive endorsement. Accepted for deposit. Payable to bearer without recourse," which meets the conditions for restrictive endorsements under UCC 3-206. The check must have been accepted for full account settlement. Instead, Americas Leading Finance LLC engaged in retaliatory actions, including tampering with and subsequent theft of the coal-fired yellow paper contract, which served as proof of payment.

**Debt Acceleration and Illegal Recovery Attempts:** The refusal to pay triggered the acceleration clause under UCC 1-208, causing the full loan amount to become due and payable immediately. This clause, which was implicitly invoked by the rejection of the endorsed instrument, nullifies any other claim against the Petitioner or the legal entity MARIA LYDIA NIEVES (MARIA FLORES) in connection with the loan. Despite the legal discharge of the debt, Americas Leading Finance LLC continued to assert claims and engaged in illegal recovery attempts, violating UCC 3-305 and related statutes.

**Tampering with Negotiable Instruments and Theft of Evidence:** After the unlawful rejection of the check, Americas Leading Finance LLC and associated entities were implicated in the theft of the yellow carbon paper contract from the Petitioner's residence. This contract, which served

as proof of the executed agreement, was manipulated and stolen in an effort to undermine the petitioner's position as a holder in due time and misrepresent the status of the debt as unpaid. Under UCC 3-407, any manipulation or alteration of a negotiable instrument makes the responsible parties liable for damages and voids any subsequent claims based on the altered document.

**Installation of GPS Tracker and Arbitrary Monitoring:** Americas Leading Finance LLC, as part of its enforcement tactics, authorized or facilitated the installation of a GPS tracking device in the Petitioner's vehicle. The device, equipped with a SIM card and other surveillance components, was discovered by the petitioner after the refusal of payment and the subsequent theft of the contract. This arbitrary monitoring violates privacy rights and constitutes unlawful surveillance, further complicating the Petitioner's ability to fulfill fiduciary duties without undue interference.

**Legal Remedies and Penalties:** Due to the illegal acts committed by Americas Leading Finance LLC, including refusal to accept payment, tampering with a negotiable instrument, theft, and unauthorized surveillance, the Petitioner seeks immediate legal remedies and sanctions against the company. This includes the discharge of any outstanding claims related to the car loan, the application of full immunity from additional supervision, and damages for breach of fiduciary duties.

# UNCONDITIONAL ORDER APPROVING AND REMOVING THE CLASSIFICATION OF FOREIGN ASSETS

6. **Immediate Removal and Discharging Mandate**

   By the authority vested under UCC Articles 3-207, 3-305 and 9-609, an unconditional order is issued for the immediate removal of the foreign asset classification imposed on the legal entity MARIA LYDIA NIEVES (MARIA FLORES) within the SAM.gov registry and all associated systems. The qualification is null and void as of the date of this mandate and the following restrictive endorsement will extinguish its enforceability:

**Restrictive endorsement:**

**"Payment to the order of: MARIA LYDIA NIEVES, Without Appeal".**

This release terminates all unauthorized classifications, charges, and penalties against the instrument and reinstates the entity's status under the jurisdiction of [Jurisdiction: Puerto Rico].

7. **Restoration of Proper Status**

   The legal status of MARIA LYDIA NIEVES (MARIA FLORES) will be restored to its proper status without any further monitoring, restriction, or prejudice. Any attempt to reimpose the classification of foreign assets or any other form of lien will be considered unlawful and a direct violation of this order, warranting immediate sanctions against the offending party. The classification of MARIA LYDIA NIEVES (MARIA FLORES) as a foreign asset is permanently terminated and will not be re-entered, updated, or altered in any way within any federal or state registry, including SAM.gov.

# LEGAL BASIS FOR THE MANDATE AND THE UNCONDITIONAL ORDER

8. **Breach of Fiduciary Duty and Holder's Rights**

    Misclassification as a foreign asset constitutes a breach of fiduciary duty as it directly interferes with the petitioner's ability to fulfill fiduciary responsibilities over the corporation. Such interference violates UCC 3-305, which protects against enforcement actions involving fraud, illegality, or misrepresentation.

9. **Violation of Trust Law Principles and Federal Statutes**

    The classification further violates the principles of trust law, specifically Section 76 of the Reaffirmation (Third) of Trusts, which imposes a duty on trustees and trustees to administer the trust or legal entity in good faith and in accordance with its terms. In addition, the misclassification violates federal statutes such as 18 U.S.C. § 1581 (Peonage and Involuntary Easement) and 18 U.S.C. § 1001 (Misrepresentations), as the corporation's entry as a foreign asset was made without legal basis or authority.

10. **Violation of the Civil Relief for Members of the Armed Forces Act (SCRA)**

    The classification of foreign assets made within three days of the petitioner's honorable discharge from military service violates the protections guaranteed by the Civil Relief for Members of the Armed Forces Act (SCRA). This classification obstructs the petitioner's rights and privileges by subjecting the entity to unlawful penalties and exclusions that would not otherwise apply.

## ACCOUNTABILITY MANDATE AND RECIPROCAL SANCTIONS

11. **Reciprocal Sanctions for Breach of Trust and Fraudulent Misclassification** Any agency, entity, or person responsible for the entry of the foreign asset classification will

be subject to reciprocal sanctions, including, but not limited to, exclusion from any federal or state activity, participation, or contract until a full investigation is conducted and corrective action is taken. This includes, but is not limited to, OFAC, the Department of the Treasury, and the Department of Health and Human Services. Any federal or state agency, or any individual acting under its authority, found to have contributed to the fraudulent classification will be subject to immediate penalties.

12. **Immediate application of immunity and removal of classification**

    This mandate will be implemented without delay, and any opposition or non-compliance will result in immediate legal and administrative consequences. As the lawful holder and trustee of the instrument, the petitioner's directives must be executed as indicated, ensuring full compliance with federal and UCC regulations.

## CONCLUSION AND FINAL INSTRUCTIONS TO THE COURT

This mandate is issued without prejudice and with full authority under UCC law, the principles of trust law, and federal statutes. The petitioner, MARIA LYDIA NIEVES, as the head and trustee of the corporation, orders the immediate application of this injunction to remove all illegal classifications, cancel the entry of foreign assets, and restore the legal status of MARIA LYDIA NIEVES (MARIA FLORES).

**Exhibit B: Creditor Proclamation for Removal of Foreign Asset Classification**

This proclamation is issued by **MARIA LYDIA NIEVES (Eng Legis)**, the rightful and lawful creditor, fiduciary, and bearer of the legal entity **MARIA LYDIA NIEVES Corporation,** duly recognized and established under the governing frameworks of the Uniform Commercial Code (UCC) and applicable federal statutes.

As the fiduciary of the trust, the Petitioner asserts all rights, authority, and obligations to the instrument and trust estate, including but not limited to, the unconditional right to remove any misclassifications, fraudulent endorsements, or administrative errors pertaining to the legal entity. Any unauthorized or erroneous classification, restriction, or encumbrance imposed on the corporation shall be rescinded and corrected immediately as per the mandate issued by the Petitioner.

This proclamation serves as an authoritative directive to remove any foreign asset classifications, sanctions, or exclusions in compliance with the Unconditional Order filed under UCC Articles 3-305, 9-609, and related federal statutes.

The Petitioner retains the right to impose reciprocal sanctions or pursue legal recourse against any entity or agency attempting to interfere with, or obstruct, the lawful administration and management of the trust and its assets.

_[signature]_ Date: 10/03/2024

Maria Lydia Nieves, Creditor & Fiduciary of the Trust

Date: 10/03/2024

Authorized Signature:

_____   _____

MARÍA LYDIA NIEVES

Trustee and Authorized Agent of MARIA LYDIA NIEVES (MARIA FLORES)

# EVIDENCE AND EVIDENCE OF ARBITRARY MONITORING AND TAMPERING

## Annex A — GPS Tracking Device and Monitoring Equipment

The following images demonstrate the presence of an unauthorized GPS tracking device found in the petitioner's vehicle, which is directly associated with the tampering and theft of the yellow carbon paper contract. The GPS tracker, including its serial number and SIM card, provides evidence of arbitrary monitoring and unlawful surveillance, corroborating the petitioner's claims about coercive control and misclassification of foreign assets.

Figure 1: Image of the GPS tracker and associated components.